UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                          Crim. No. 07-123(8) (JNE)
                                                                            ORDER
Corey Lee Nelson-Hughes,

       Defendant.

       This matter is before the Court on Defendant Corey Lee Nelson-Hughes's pro se "Motion for Order of Nunc Pro Tunc to Correct Sentence." Docket No. 477. On September 23, 2008, the Court sentenced Defendant to 200 months imprisonment for conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Docket No. 310. With his motion, Defendant contends that the federal Bureau of Prisons ("BOP") failed to give him jail credit to which he is entitled for time spent in federal custody, awaiting sentencing by this Court. He requests an order to "correct the system malfunction in the record." Docket No. 477 at 4. The government opposes the motion.

       Defendant's motion describes the history of his custody as follows: On April 27, 2007, he was arrested and taken to St. Louis County Jail, in Duluth, Minnesota for a state criminal offense. Following his federal indictment on October 10, 2007, he was moved to the federal facility at the Sherburne County Jail in Elk River, Minnesota on December 14, 2007. On April 3, 2009, he received a sentence of 60 months from a Minnesota state court to be served concurrently with his federal sentence. On July 13, 2009, he was transferred to Minnesota state custody and completed his state sentence on August 25, 2010. At that time he was transferred to federal custody. Defendant claims entitlement to credit against his federal sentence for the time

1

he served from October 10, 2007 to September 23, 2008; April 3, 2009 through July 12, 2009;

and August 26, 2010 through November 19, 2010.

The BOP began computation of his 200-month federal sentence on August 25, 2010,

without credit for any time prior to that date.  Docket No. 480-1 at 1.  In response to Defendant's

Request for Administrative Remedy in the context of the BOP's administrative remedy program,

the warden, to whom such requests are directed, explained the BOP's computations.  *Id.*  The

warden noted that at the time of Defendant's 60-month state sentence on April 3, 2009,

Defendant received "credit for 708 days (4/27/07 – 4/3/09)" and he was transferred to federal

custody on August 25, 2010.  The warden explained that under 18 U.S.C. § 3585(b)[1] time spent

in the service of another term of imprisonment could not be awarded to Defendant's federal

sentence.  *Id.*

## DISCUSSION

"The function of a nunc pro tunc order is to correct clerical or ministerial errors,

including typographical errors" in a court's records.  *United States v. Suarez-Perez*, 484 F.3d

537, 541 (8th Cir. 2007).  Defendant's motion does not point to such an error in the Court's

record, but rather seeks to challenge the BOP's computation of his sentence.  The Supreme Court

has made clear that "[a]fter a district court sentences a federal offender, the Attorney General,

through BOP, has the responsibility for administering the sentence," including computing the

time to be served after accounting for the credit for prior time in custody provided for by 18

---

[1]        Section 3585(b) provides that
         A defendant shall be given credit toward the service of a term of imprisonment for any
         time he has spent in official detention prior to the date the sentence commences--
           (1) as a result of the offense for which the sentence was imposed; or
           (2) as a result of any other charge for which the defendant was arrested after the
         commission of the offense for which the sentence was imposed;
         that has not been credited against another sentence.

U.S.C. § 3585. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Administrative

procedures exist within the BOP to review computations of credit, and once those

"administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time

credit determination, by filing a habeas petition under 28 U.S.C. § 2241." *United States v.*

*Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (quoting *Rogers v. United States*, 180 F.3d 349, 358

(1st Cir. 1999)). In the absence of exceptions that are inapplicable here, a § 2241 habeas corpus

petition must be filed in the district in which the defendant is confined. *See Rumsfeld v. Padilla*,

542 U.S. 426, 434-47 (2004)**;** *Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir. 1995).

Even if the Court were to construe Defendant's motion as a § 2241 habeas petition, it

would lack jurisdiction to consider Defendant's request, because Defendant is not confined in the

District of Minnesota.[2] *See Padilla*, 542 U.S. at 434-47; *United States v. Seelye*, Crim. No. 07-

377, 2014 U.S. Dist. LEXIS 21357, at *3-8 (D. Minn. Feb. 19, 2014). While a transfer of a §

2241 petition might be possible under 28 U.S.C. § 1631, "if it is in the interest of justice," the

Court does not find such a transfer warranted, because Defendant does not contend, and has not

shown, that he has exhausted his administrative remedies with the BOP.[3] *See United States v.*

*Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000). The Court therefore denies Defendant's

---

[2]     The government claims and the records available via the BOP's website confirm that he
is confined at the FCI Oxford facility in Wisconsin.

[3]     The BOP has a multi-tiered administrative remedy program. *See Myrland v. United*
*States*, Civ. No. 12-2909, 2013 U.S. Dist. LEXIS 120464, at *4-7 (D. Minn. July 29, 2013); 28
C.F.R. §§ 542.13-542.15. According to the submissions by the government, it appears that
Defendant went through the initial steps of seeking an informal resolution and filing a formal
grievance with the warden. Docket No. 480-1. If dissatisfied with the warden's response,
Defendant had to appeal the decision to the appropriate Regional Director and then, if needed, to
the General Counsel, before his administrative remedies can generally be deemed exhausted.
*See Myrland*, 2013 U.S. Dist. LEXIS 120464, at *5-6. Defendant also has not argued or shown
any circumstances that might excuse his failure to exhaust his administrative remedies. *See*
*Whentworth v. Fisher*, Civ. No. 10-2270, 2011 U.S. Dist. LEXIS 127196, at *23-26 (D. Minn.
Oct. 6, 2011) (describing scenarios in which an excuse might be warranted).

motion.  The motion will be denied without prejudice so that Defendant can file a petition with the correct court, if appropriate and with an accounting for the requirement to exhaust his administrative remedies.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.      Defendant's Pro Se Motion for Order of Nunc Pro Tunc to Correct Sentence [Docket No. 477] is DENIED without prejudice.

Dated:  March 4, 2014                         s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge